J-S39016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARC ANTWAIN X. RIVER, SR. MUHAMMED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | No. 304 MDA 2018 |
| SIMONE WOODS ROSE MUHAMMED VANESSA ANN BUTLER | : | |

Appeal from the Order Entered February 5, 2018
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
14418 of 2017

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

JUDGMENT ORDER BY MURRAY, J.:                    **FILED JULY 16, 2018**

Marc Antwain X. River, Sr. Muhammed (Appellant) appeals *pro se* from the trial court's order dismissing his "Complaint to Establish Paternity and for Genetic Testing."  We affirm.

On December 28, 2017, Appellant filed a *pro se* complaint requesting that the trial court order Vanessa Ann Butler to submit to genetic testing pursuant to 23 Pa.C.S.A. § 4343.  Appellant based his complaint on his belief that Ms. Butler, who was born in 1988, may be his biological daughter. Appellant named Ms. Butler and her mother, Simone Woods Rose Muhammed, as defendants in the complaint.

On February 5, 2018, the trial court convened a hearing.  Appellant appeared, but Ms. Butler and Ms. Muhammed did not.  The Luzerne County

Deputy Director of Domestic Relations, Kevin Kane, appeared on behalf of Luzerne County.

Significantly, Appellant did not refute that Ms. Butler is an adult. The pertinent provision of the paternity statute, under "limitation of actions," reads:

> An action or proceeding under this chapter to establish the paternity of a child born out of wedlock **must be commenced within 18 years of the date of birth of the child**.

23 Pa.C.S.A. § 4343 (emphasis added).

In addition, Mr. Kane testified that another man, Donald Butler, Jr., signed an acknowledgment of paternity of Ms. Butler, although no genetic testing was ever conducted. N.T., 2/5/18, at 11-13. Mr. Kane testified that "Pennsylvania has a determination that Donald Butler Jr. is the biological father of Vanessa Butler . . . since he signed a support order and acknowledged paternity, Pennsylvania will conclude that he is the biological father." *Id.* at 13. At the conclusion of the hearing, the trial court explained to Appellant:

> I can't help you under the law, not because of any personal choice, but because of what the law says I can do and what I can't. And I can't direct a 30 year old woman to submit to a DNA [test] in the context of a child support action.

*Id.* at 19. Therefore, the trial court entered an order dismissing Appellant's complaint.

Appellant filed a timely *pro se* notice of appeal and, although not ordered to do so by the trial court, filed a concise statement of errors complained of

on appeal pursuant to Pa.R.A.P. 1925. The trial court issued an opinion on April 5, 2018.

Appellant presents a single issue for our review:

Estoppel only stops [Mr. Butler] from disclaiming [Ms. Butler] as his daughter unless through genetic testing of another person not initiated by [Mr. Butler] it can establish that he is not the father naturally and biologically.

The court has the right and power pursuant to [the] federal constitution and federal law to grant and compe[l] [Ms. Muhammed] and [Ms. Butler] especially [Ms. Butler] who is now approx. [30] years of age to submit to genetic testing to establish or disavow the paternity of [Appellant] of [Ms. Butler] irregardless of [Mr. Butler] having signed an acknowledgment of paternity.

Appellant's Brief at 5 (some capitalization omitted).

As noted above, an action to establish paternity "must be commenced within 18 years of the date of birth of the child." 23 Pa.C.S.A. § 4343(b)(1). Appellant filed his complaint to establish paternity and for genetic testing in December of 2017, when Ms. Butler – the "child" – was almost 30 years old. Accordingly, we affirm the trial court's order dismissing Appellant's complaint.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/16/2018

- 3 -